**NOT FOR PUBLICATION**

**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

| | |
|---|---|
| JIANING MEI and CHAOYAN ZENG,<br><br>Plaintiffs,<br><br>v.<br><br>HASSAN ABDUR-RAHMAN,<br><br>Defendant. | No. 25cv17621 (EP) (CF)<br><br>**MEMORANDUM ORDER** |

**PADIN, District Judge**

*Pro se* Plaintiffs Jianing Mei and Chaoyan Zeng bring this action against Defendant Hassan Abdur-Rahman, an officer of the City of Elizabeth Department of Health and Human Services. D.E. 5 ("Amended Complaint" or "Am. Compl.") ¶ 2. The Amended Complaint asserts federal claims under 42 U.S.C. § 1983 as well as claims under New Jersey law, all of which arise from Defendant's actions in facilitating the removal of several items from Plaintiffs' property in the days before June 13, 2022. *Id.* ¶ 4.

Defendant now moves to dismiss this action on the grounds that Plaintiffs' claims are barred by the applicable statute of limitations and the doctrine of *res judicata*, for failure to state a claim, and because Defendant is entitled to qualified immunity.[1] For the reasons explained below, the Court will **GRANT** the Motion and **DISMISS** the Amended Complaint ***with prejudice***.

[1] D.E. 22-4 ("Motion" or "Mot."). The notice of motion is filed at D.E. 22. Plaintiffs oppose the Motion. D.E. 24 ("Opposition" or "Opp'n"). Defendant did not reply to Plaintiffs' Opposition. *See* Dkt. The Court decides the Motion without oral argument. *See* Fed. R. Civ. P. 78; L. Civ. R. 78.1(b).

## I. BACKGROUND[2]

Plaintiffs live at 1056 Mary Street in Elizabeth, New Jersey. Am. Compl. ¶ 2. They allege that in the several days before June 13, 2022, Defendant entered their property and directed workers to seize and destroy personal items from their yard. *Id.* ¶ 3. Plaintiffs also allege that Defendant initiated municipal court proceedings against them, in which he accused them of municipal violations and criminal conduct. *Id.* The municipal court proceedings, however, identify Kevin Pierre—not Defendant—as the complainant, and list two housing code violations, not criminal conduct.[3] D.E. 24, Ex. D ("Municipal Court Dispositions").[4]

On June 2, 2025, Plaintiffs filed a small claims complaint against Defendant in the Superior Court of New Jersey, Law Division, Special Civil Part, Small Claims Section, claiming that his removal of their property was illegal because they were not given notice or a hearing.

[2] The facts in this section derive from the Amended Complaint, and the Court draws all inferences in the light most favorable to Plaintiffs. *See Phillips v. Cnty. of Allegheny*, 515 F.3d 224, 228 (3d Cir. 2008). When deciding a motion to dismiss, "courts generally consider only the allegations contained in the complaint, exhibits attached to the complaint and matters of public record." *Schmidt v. Skolas*, 770 F.3d 241, 249 (3d Cir. 2014) (quoting *Pension Benefit Guar. Corp. v. White Consol. Indus., Inc.*, 998 F.2d 1192, 1196 (3d Cir. 1993)).

[3] Despite the guidance outlined in *supra* n.2, the Court is not obligated to accept factual allegations as true if they are contradicted by matters over which the Court can take judicial notice. *In re Wash. Mut., Inc.*, 741 F. App'x 88, 91 n.3 (3d Cir. 2018).

[4] The Court may properly take judicial notice of matters of the public record, including judicial proceedings in state and municipal court. *Jones v. Harry*, No. 25-1387, 2025 WL 2255096, at *2 n.4 (3d Cir. Aug. 7, 2025). Therefore, even though the Amended Complaint does not reference the related proceedings, the Court takes judicial notice of them. *McPherson v. United States*, 392 F. App'x 938, 940 n.1 (3d Cir. 2010); *Orabi v. Att'y Gen. of the U.S.*, 738 F.3d 535, 537 n.1 (3d Cir. 2014) ("We may take judicial notice of the contents of another court's docket."); *see also Baquero v. City of Rahway Mun. Ct.*, No. 25-12124, 2026 WL 1031145, at *1 n.2 (D.N.J. Apr. 16, 2026) (taking judicial notice of two New Jersey municipal court cases).

*See Mei v. Abdur-Rahman*, UNN-SC-3850-25, Dkt. No. 1[5] at 2, 4 (N.J. Super. Ct. Law Div., Special Civil Part) (the "State Court Action").[6]

Plaintiffs brought their claims in the State Court Action under the New Jersey Tort Claims Act ("NJTCA"), N.J. Stat. Ann. §§ 59:1-1 to 12-3, for $5,000. *See id.* On July 10, 2025, the state court granted Defendant's motion to dismiss. D.E. 22-3 ("State Court Dismissal Order") at 2. Plaintiffs' State Court Complaint was dismissed with prejudice. *Id.*

Plaintiffs then moved to reinstate the State Court Action. D.E. 22-3 ("State Court Reinstatement Motion") at 4–16. That motion was denied on September 22, 2025. *Id.* at 21 ("State Court Reinstatement Order"). Plaintiffs moved for reconsideration of that decision two days later. *Id.* at 23–32 ("State Court Reconsideration Motion"). The Reconsideration Motion was denied with prejudice on October 4, 2025. *Id.* at 34 ("State Court Reconsideration Order"). The state court explained that the complaint had been dismissed because Plaintiffs failed to comply with the NJTCA's notice requirements and that, even if they had complied, Defendant was immune from liability. *Id.* The State Court Reconsideration Order referred to "extensive" oral rulings delivered on July 10 and September 22. *Id.* The record does not show an appeal.

Plaintiffs commenced this action on November 13, 2025. *See* Dkt. Before serving the original complaint, they filed the Amended Complaint on November 26, 2025. *Id.* Plaintiffs allege that, in the days before June 13, 2022, Defendant entered their property without a warrant, notice, or consent. Am. Compl. ¶ 3. They further allege that Defendant directed workers to seize and destroy their personal property—including a ping-pong table, flowerpots, and other outdoor

---

[5] The Court refers to the complaint filed in the State Court Action as the "State Court Complaint."

[6] The Court uses "State Court Action" to refer to the case as a whole and descriptive titles to identify particular filings and orders.

household items—without providing an inventory, notice, a hearing, or any other process. *Id.* Based on those allegations, Counts I and II assert claims under 42 U.S.C. § 1983 for unlawful seizure and denial of procedural due process in violation of the Fourth and Fourteenth Amendments. *Id.* ¶ 4.

Plaintiffs also challenge Defendant's conduct in the related municipal court proceedings. They allege that Defendant repeatedly failed to appear at scheduled court dates or produce evidence, delaying the proceedings for approximately twenty-eight months and requiring Plaintiffs to attend court despite their fragile health. *Id.* ¶ 3. Count III asserts malicious prosecution claims under § 1983 and New Jersey law; Count IV asserts a state-law claim for abuse of process. *Id.* ¶ 4. Plaintiffs seek compensatory and punitive damages, as well as declaratory relief. *Id.* ¶ 6.

## II. LEGAL STANDARD

### A. Federal Rule of Civil Procedure 12(b)(6)

Under Federal Rule of Civil Procedure 12(b)(6), a court accepts all well-pleaded factual allegations as true, construes the complaint in the plaintiff's favor, and determines "whether, under any reasonable reading of the complaint, the plaintiff may be entitled to relief." *Cnty. of Allegheny*, 515 F.3d at 233 (quoting *Pinker v. Roche Holdings Ltd.*, 292 F.3d 361, 374 n.7 (3d Cir. 2002)). The allegations must include "more than labels and conclusions." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *id.*).

Because Plaintiffs proceed *pro se*, the Court construes the Amended Complaint liberally and holds it to a less stringent standard than formal pleadings drafted by lawyers. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007). But liberal construction does not relax the obligation to plead facts, and *pro se* plaintiffs must still allege enough to state a plausible claim. *Mala v. Crown Bay Marina, Inc.*, 704 F.3d 239, 245 (3d Cir. 2013).

*1. Res judicata (claim preclusion)*

*Res judicata*, or claim preclusion, prevents parties from bringing a second suit against "the same adversary based on the same cause of action as the first suit." *Salerno v. Corzine*, 449 F. App'x 118, 122 (3d Cir. 2011) (quoting *Duhaney v. Att'y Gen. of U.S.*, 621 F.3d 340, 347 (3d Cir. 2010) (internal quotation marks omitted)). Under Rule 12(b)(6), relief may not be granted when a suit is barred on *res judicata* grounds. *Dunleavy v. Gannon*, No. 11-361, 2011 WL 5321004, at *2 (D.N.J. Nov. 1, 2011).

Because *res judicata* is an affirmative defense, it can serve as grounds for a Rule 12(b)(6) dismissal only if the basis for the defense is evident on the face of the complaint. *Brody v. Hankin*, 145 F. App'x 768, 769–70 (3d Cir. 2005); *see also Mansaray v. Wenner*, No. 24-1591, 2025 WL 1625444 (3d Cir. June 9, 2025) (applying *res judicata* on a motion to dismiss). When determining whether the defense is available on the face of the complaint, the Court can consider documents attached to the pleading and matters of public record. *Clean Air Council v. U.S. Steel Corp.*, 4 F.4th 204, 211 (3d Cir. 2021). State court proceedings are matters of public record. *McDonald v. Jones*, 427 F. App'x 84, 85 n.1 (3d Cir. 2011). Thus, the Court may consider the proceedings in the State Court Action without converting the Motion into one for summary judgment.[7]

*2. Statute of limitations*

The statute of limitations is also an affirmative defense that can support dismissal under Rule 12(b)(6) when the complaint itself shows that the cause of action was not timely filed.

---

[7] Defendant cites the general rule allowing consideration of documents that are integral to a complaint or undisputedly authentic when a court decides a motion to dismiss, Mot. at 4–5, but Defendant does not explain how the State Court Action fits that rule even though the Amended Complaint does not mention the proceedings. Nor does Defendant identify judicial notice as the basis for considering those records. Defendant also relies on disputed assertions in a state court certification to support qualified immunity. *See* Mot. at 8–9. The Court considers the state court records only for the limited purposes described above and does not accept disputed assertions in Defendant's certification as true.

*McPherson*, 392 F. App'x at 943 ("If the allegations . . . show that relief is barred by the applicable statute of limitations, the complaint is subject to dismissal for failure to make a claim; that does not make the statute of limitations any less an affirmative defense." (quoting *Jones v. Bock*, 549 U.S. 199, 215 (2007))).

*3. Qualified immunity*

Under certain circumstances, government officials are entitled to qualified immunity from § 1983 suits. *Couden v. Duffy*, 446 F.3d 483, 492 (3d Cir. 2006). However, because immunity is an affirmative defense, qualified immunity will be upheld on a 12(b)(6) motion only when the immunity is established on the face of the complaint. *Leveto v. Lapina*, 258 F.3d 156, 161 (3d Cir. 2001). When analyzing a qualified immunity claim, courts consider whether: (1) the plaintiff sufficiently alleged the violation of a constitutional right; and (2) the right was clearly established at the time of the official's conduct. *Dennis v. City of Phila.*, 19 F.4th 279, 287 (3d Cir. 2021).[8]

## III. DISCUSSION

### A. Plaintiffs' Claims Are Barred by *Res Judicata*

Federal courts must follow state law in determining whether a state court's judgment is preclusive. *Migra v. Warren City Sch. Dist. Bd. of Educ.*, 465 U.S. 75, 81 (1984). Under New Jersey law, *res judicata* requires that:

> (1) the judgment in the prior action is valid, final, and on the merits;
>
> (2) the parties in the later action are identical to or in privity with those in the prior action; and

[8] Defendant has not established qualified immunity at this stage. His brief relies on facts from a state court certification and other records to argue that he gave notice, followed the City Code, and acted lawfully. Mot. at 8–9. Those disputed assertions are outside the Amended Complaint and cannot be accepted as true on a Rule 12(b)(6) motion. The Amended Complaint also lacks enough context to decide whether Defendant violated a clearly established right. The Court therefore does not dismiss any claim on qualified immunity grounds.

(3) the claim in the later action grows out of the same transaction or occurrence as the claim in the earlier one.

*McNeil v. Legis. Apportionment Comm'n*, 177 N.J. 364, 395 (2003) (quoting *Watkins v. Resorts Int'l Hotel & Casino, Inc.*, 124 N.J. 398, 412 (1991)). Claim preclusion applies to all relevant matters that could have been brought, not just to the matters that were actually determined in the earlier action. *Id.* All three elements of claim preclusion are met here.

*1. Plaintiffs received a final, valid judgment on the merits*

Plaintiffs received a final, valid judgment on the merits in the State Court Action. As detailed above, Plaintiffs' claims in the State Court Complaint were dismissed with prejudice because they did not comply with the NJTCA's notice requirements and, even if they had, Defendant was immune from liability. *See* State Court Dismissal Order; State Court Reconsideration Order.

In New Jersey, a prior judgment determining that a defendant lacked the capacity to be sued is an adjudication on the merits. *Velasquez v. Franz*, 123 N.J. 498, 507–09 (1991) (quoting Fed. R. Civ. P. 41(b)). A dismissal with prejudice constitutes an adjudication on the merits as fully and completely as if the order had been entered after trial. *Id.* Here, the record does not show an appeal. Thus, because Plaintiffs' claims were expressly dismissed with prejudice in the State Court Action and Plaintiffs did not appeal, Plaintiffs received a final, valid judgment on the merits.

Plaintiffs respond that the state court never decided their constitutional claims. Opp'n at 2–3. Plaintiffs misunderstand the law. A final judgment can preclude a legal theory that was not specifically decided if that theory could have been raised in the first action. *McNeil*, 177 N.J. at 395. State courts have concurrent jurisdiction over claims under 42 U.S.C. § 1983, so Plaintiffs could have raised their federal constitutional claims in the State Court Action. *See Haywood v.*

*Drown*, 556 U.S. 729, 735 (2009). Because they did not, those claims are now subject to claim preclusion.

Nor does Plaintiffs' choice of litigating in the Small Claims Section preserve a second lawsuit over the same injury. A party who chooses that forum may not recover more than its monetary limit and, when judgment is entered, the party is deemed to have waived the excess. N.J. Ct. R. 6:1-2(c). Plaintiffs could have chosen a different division if they wanted more than $5,000 or broader relief. They instead brought the same property removal dispute against the same Defendant in small claims court, litigated a dismissal motion, sought reinstatement and reconsideration, and received final orders with prejudice.

The Court recognizes that New Jersey will not apply preclusion mechanically when a self-represented litigant lacks a fair chance to litigate the later claim. For example, in *Cafferata v. Peyser*, an informal settlement of a $160.80 collection case did not bar a later medical malpractice action because the first proceeding was not suited to resolving the substantial and different tort claim. 251 N.J. Super. 256, 261–63 (App. Div. 1991). This case is different. Plaintiffs themselves placed the property removal at issue in the State Court Action, sued the same Defendant for that injury, opposed dismissal, and sought reinstatement and reconsideration. They also raised their concerns about notice and language assistance in the State Court Reinstatement Motion. *See* State Court Reinstatement Motion at 7–8. The state court nevertheless entered and left in place final orders with prejudice. The proper route for Plaintiffs to challenge those rulings was a state appeal, not a new action asserting different legal labels for the same dispute in federal court.

2. *The parties in this action are identical to those in the State Court Action*

The second element of *res judicata* is met because the parties in this action are the same as those in the State Court Action.

*3. The claims in this action grow out of the same transaction or occurrence as the claims in the State Court Action*

For two causes of action to grow out of the same transaction or occurrence, the claims must involve substantially similar or identical causes of action and issues, parties, and relief sought. *In re Nicole-Kirstie, LLC*, No. A-2308-21, 2026 WL 144973, at *15 (N.J. Super. Ct. App. Div. Jan. 20, 2026). To determine whether the claims are sufficiently similar, courts look to:

(1) Whether the acts complained of and the demand for relief are the same (that is, whether the wrong for which redress is sought is the same in both actions);

(2) Whether the theory of recovery is the same;

(3) Whether the witnesses and documents necessary at trial are the same (that is, whether the evidence necessary to maintain the second action would have been sufficient to support the first); and

(4) Whether the material facts alleged are the same.

*Id.* (quoting *Bondi v. Citigroup, Inc.*, 423 N.J. Super. 377, 427 (App. Div. 2011)).

Plaintiffs' claims in this action arise from the same transaction or occurrence that were at issue in the State Court Action. Put simply, the two suits stem from and concern the same event. Both challenge Defendant's alleged role in the June 2022 entry onto 1056 Mary Street and the removal and disposal of Plaintiffs' property without advance notice or an opportunity for a hearing. *Compare* State Court Complaint at 4, *with* Am. Compl. ¶¶ 3–4. The same witnesses, documents, and factual questions would be central to both actions.

The new legal labels and additional remedies do not create a new transaction. Plaintiffs now invoke the Fourth and Fourteenth Amendments, and seek punitive damages and declaratory relief, but those claims still seek redress for the same alleged wrong. Claim preclusion prevents a party from splitting one controversy into separate suits by changing legal theories or requesting additional relief. That is exactly what Plaintiffs attempt to do here.

Plaintiffs argue that the municipal court's October 2024 dismissal of the housing code complaints shows that the underlying enforcement action lacked a valid basis and therefore defeats claim preclusion. Opp'n at 3. It does not. The municipal proceedings ended before Plaintiffs filed the State Court Action, and Plaintiffs later submitted the certified dispositions to the state court with their motion to reinstate. *See* State Court Reinstatement Motion at 15–16. The dispositions therefore were not new evidence that arose after the State Court Action; Plaintiffs had the opportunity to rely on them there. They cannot use the same dispositions to relitigate the property removal dispute in this Court.

Because the underlying event giving rise to the legal claims in both actions is the same, and because the claims brought in this action either were litigated or could have been litigated in the state action, the third element of claim preclusion is met. The Court therefore concludes that Plaintiffs are barred from bringing their claims in this action by *res judicata*. The Court will accordingly **DISMISS** Plaintiffs' Amended Complaint ***with prejudice***. Although that conclusion is sufficient to decide the Motion, the Court will also explain why Plaintiffs' federal claims independently fail, given their *pro se* status.

**B. Counts I and II Are Independently Time-Barred**

Even if *res judicata* did not bar Plaintiffs' claims, Counts I and II are also time-barred.[9]

The statute of limitations for a § 1983 claim is governed by the personal injury tort law of the state where the cause of action arose. *Nguyen v. Pennsylvania*, 906 F.3d 271, 273 (3d Cir. 2018). Here, the alleged misconduct occurred in New Jersey, where the applicable statute of

[9] As to Count III, Plaintiffs' malicious prosecution claim, a § 1983 claim for malicious prosecution accrues, for statute of limitations purposes, when the prosecution terminates without a conviction. *Coello v. DiLeo*, 43 F.4th 346, 354–55 (3d Cir. 2022). In this case, the proceeding on which Plaintiffs base their claim terminated in October 2024. Municipal Court Dispositions. As Plaintiffs filed their initial complaint in this action on November 13, 2025, they brought their malicious prosecution claim within the statute of limitations.

limitations period for a § 1983 claim is two years. *Patterson v. Strippoli*, 639 F. App'x 137, 139 (3d Cir. 2016). Federal law, however, governs the date when a § 1983 claim accrues—*i.e.*, when the statute of limitations begins to run. *Nguyen*, 906 F.3d at 273. Under federal law, the limitations period begins to run from the time the plaintiff knows or has reason to know of the injury which is the basis of the § 1983 action. Generally, a cause of action accrues at the time of the last event necessary to complete the tort, usually at the time the plaintiff suffers an injury. *See United States v. Kubrick*, 444 U.S. 111, 120 (1979).

Count I (Plaintiffs' unlawful seizure claim) accrued in June 2022. The Amended Complaint alleges that Plaintiffs returned home, discovered their property missing, learned that Defendant had removed it, and were told that the items had been discarded. Am. Compl. ¶ 3. The Amended Complaint places the entry and removal several days before June 13, 2022. *Id.* Read as a whole, the pleading alleges that Plaintiffs knew of the loss in June 2022. Plaintiffs, however, did not commence this action until November 13, 2025—nearly three and a half years after Defendant's removal of the property and well beyond the applicable two-year statute of limitations. *Id.* ¶ 3. They allege no later discovery date and no facts that would toll the two-year limitations period. *See id.* Count I is therefore time-barred.

Count II (Plaintiffs' procedural due process claim) is time-barred for the same reason. A procedural due process claim under § 1983 accrues when the State fails to provide due process. *Seamon v. Shapiro*, No. 24-1451, 2025 WL 88837, at *2 n.2 (3d Cir. Jan. 14, 2025). Plaintiffs assert that the denial of due process occurred when Defendant removed their property without providing notice, a hearing, or any meaningful opportunity to contest the deprivation. Am. Compl. ¶ 3. It follows that Plaintiffs are alleging that the State failed to provide due process prior to the removal of property in June 2022. Again, because Plaintiffs did not file their complaint until nearly

three and a half years later, Plaintiffs did not file their complaint within the two-year limitations period. Count II is therefore also time-barred.

**C. Count III Independently Fails as a Matter of Law**

Unlike the claims in Counts I and II, the federal malicious prosecution claim in Count III is timely because the municipal proceedings ended in October 2024. Nevertheless, Plaintiffs fail to state a claim for malicious prosecution as a matter of law.

To state a malicious prosecution claim, a plaintiff must allege that:

> (1) the defendant initiated a criminal proceeding; (2) the criminal proceeding ended in the plaintiff's favor; (3) the defendant initiated the proceeding without probable cause; (4) the defendant acted maliciously or for a purpose other than bringing the plaintiff to justice; and (5) the plaintiff suffered a deprivation of liberty consistent with the concept of seizure as a consequence of a legal proceeding.

*Halsey v. Pfeiffer*, 750 F.3d 273, 296–97 (3d Cir. 2014) (quoting *Johnson v. Knorr*, 477 F.3d 75, 82 (3d Cir. 2007)). Failure to establish any one element is fatal to a malicious prosecution claim. *See Kossler v. Crisanti*, 564 F.3d 181, 186 (3d Cir. 2009), *abrogated on other grounds by Thompson v. Clark*, 596 U.S. 36 (2022).

Plaintiffs' malicious prosecution claim fails at the first element. Plaintiffs do not plausibly allege that Defendant initiated the municipal proceedings. The certified dispositions identify Kevin Pierre—not Defendant—as the complainant. *See* Municipal Court Dispositions. And Plaintiffs do not allege that Defendant signed the complaints, directed Pierre to file them, supplied false information for them, or otherwise caused the proceedings to begin. A conclusory allegation that Defendant "initiated" the charges is not enough.

Moreover, there was no *criminal* proceeding. *See Halsey*, 750 F.3d at 296–97. Rather, the municipal proceedings concerned housing code violations.[10] Am. Compl. ¶ 3; Municipal Court Dispositions.

Plaintiffs also fail to allege a seizure within the meaning of the Fourth Amendment. They allege that they had to appear in municipal court several times and feared that missing court would lead to a conviction. Am. Compl. ¶ 3. But a summons and required court appearances, without an arrest, detention, travel restriction, or comparable restraint, do not constitute the seizure required for a federal malicious prosecution claim. *DiBella v. Borough of Beachwood*, 407 F.3d 599, 603 (3d Cir. 2005).

Because Plaintiffs do not plead a malicious prosecution claim under § 1983, Count III fails on this independent ground. Had the Court not already dismissed this claim with prejudice on res judicata grounds, dismissal with prejudice would also be appropriate because amendment of this claim would be futile as Plaintiffs cannot, under any circumstance, state a claim for malicious prosecution under § 1983 because Defendant did not initiate *criminal* proceedings against them. *See Klotz v. Celentano Stadtmauer & Walentowicz LLP*, 991 F.3d 438, 462 (3d Cir. 2021) (stating that amendment is futile if the pleading would fail to state a claim for relief under Rule 12(b)(6)).

## IV. CONCLUSION

In sum, claim preclusion bars the entire Amended Complaint, so the Court will **DISMISS** all claims ***with prejudice***. Counts I and II, as well as the federal portion of Count III, independently fail. If claim preclusion did not apply, the Court would decline to exercise supplemental

[10] Because there was no criminal proceeding, Plaintiffs also fail to satisfy the second element of a malicious prosecution claim: that the *criminal* proceeding terminated in their favor. Furthermore, Plaintiffs do not provide any facts to support their conclusory statement that Defendant "initiated and prolonged baseless municipal charges without probable cause [and] with malice," nor do they plead facts to show that they suffered a deprivation of liberty consistent with the concept of seizure. Am. Compl. ¶ 3.

jurisdiction over the state-law portion of Count III and Count IV and would dismiss those state-law claims without prejudice. *See* 28 U.S.C. § 1367(c)(3).

Accordingly,

**IT IS**, on this **5th** day of October, 2026,

**ORDERED** that Defendant's Motion, D.E. 22, is **GRANTED**; and it is further

**ORDERED** that Plaintiffs' Amended Complaint, D.E. 5, is **DISMISSED *with prejudice***; and it is further

**ORDERED** that the Clerk of Court shall **CLOSE** this case; and it is finally

**ORDERED** that the Clerk of Court shall send Plaintiffs a copy of this Memorandum Order via regular mail.

Evelyn Padin, U.S.D.J.